# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2327

_____

John J. Kenny; Nicholson Kenny     *
Capital Management,     *
    *
         Petitioners,     *    Petition for Review From
    *    an Order of the Securities
      v.     *    and Exchange Commission.
    *
Securities and Exchange Commission,     *      [UNPUBLISHED]
    *
         Respondent.     *

_____

Submitted: January 12, 2004

Filed: January 23, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

The Securities and Exchange Commission (SEC) found John J. Kenny, an account representative for a brokerage firm, violated antifraud provisions of the federal securities laws by misrepresenting material facts to two individual investors and by aiding and abetting schemes to defraud two insurance companies. The SEC also found Kenny and his registered investment advisory firm, Nicholson Kenny Capital Management (NKCM), breached their fiduciary duty to one of the insurance companies by failing to disclose a conflict of interest. Based on the findings, the SEC imposed sanctions on Kenny and NKCM. Kenny and NKCM petition for review.

Kenny and NKCM first argue the SEC committed error in finding that they committed fraud, aiding and abetting, and breach of fiduciary duty violations of the securities laws. We reject these contentions because we are satisfied the agency's findings and conclusions are supported by substantial evidence on the administrative record as a whole. Kenny and NKCM next challenge the SEC's decision to bar Kenny from association with any broker, dealer, or investment adviser and to revoke NKCM's registration as an investment adviser. Applying the factors articulated in Steadman v. SEC, 603 F.2d 1126, 1140 (5th Cir. 1979), aff'd on other grounds, 450 U.S. 91 (1981), the SEC concluded these sanctions are in the public interest because the multiple violations were "egregious," because Kenny by his conduct "shows no appreciation of the responsibilities of a securities professional," and because "Kenny's continued involvement in the securities business presents opportunities for future violations." The sanctions are harsh. But after careful review of the record, we conclude the SEC articulated compelling reasons for imposing them and therefore did not abuse its substantial discretion to choose appropriate sanctions. See Lowry v. SEC, 340 F.3d 501, 504-07 (8th Cir. 2003); Rizek v. SEC, 215 F.3d 157, 160-63 (1st Cir. 2000). We reject petitioners' additional arguments for the reasons stated in the SEC's opinion and affirm. See 8th Cir. R. 47B.

_____